UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

LAURA COOPER,

                      Plaintiff,

          -against-

WAL-MART STORES, INC. d/b/a WALMART, and
WAL-MART STORES EAST, LP,

                      Defendants.

---------------------------------------------------------------X

**OPINION AND ORDER**

24 Civ. 205 (JCM)

Plaintiff Laura Cooper ("Cooper" or "Plaintiff") brought this action against Defendants Wal-Mart Stores, Inc. d/b/a Walmart, and Wal-Mart Stores East, LP (together, "Walmart" or "Defendants") in the New York State Supreme Court, Orange County, to recover for personal injuries allegedly sustained as a result of a fall at Defendants' Walmart store in Middletown, New York, on May 19, 2022. (Docket No. 1-1). Defendants removed the case to this Court based on diversity jurisdiction on January 10, 2024. (Docket No. 1). Presently before the Court is Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Motion"). (Docket No. 16). Plaintiff opposed the Motion ("Opposition") (Docket No. 27), and Defendants replied ("Reply") (Docket No. 29). For the reasons set forth below, Defendants' Motion is granted.[1]

**I. BACKGROUND**

The following facts are taken from Defendants' Statement of Material Facts submitted pursuant to Local Rule 56.1 of the United States District Courts for the Southern and Eastern

---

[1] This action is before the Court for all purposes on the consent of the parties, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docket No. 11).

Districts of New York ("Def. 56.1"), (Docket No. 19); Plaintiff's Response to Defendants' 56.1 Statement of Material Facts ("Pl. 56.1 Resp."), (Docket No. 28); Defendants' Response to Plaintiff's Statement of Additional Material Facts ("Def. 56.1 Resp."), (Docket No. 30); and the exhibits submitted by the parties in support of their statements. The facts are construed in the light most favorable to Plaintiff as the party opposing summary judgment. *See Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018). Any disputes of material fact are noted.

On May 19, 2022, Plaintiff was shopping at the Middletown Walmart store. (Def. 56.1 ¶ 1; Pl. 56.1 ¶ 1). She fell near the self-checkout while rounding the corner to leave. (Def. 56.1 ¶ 2; Pl. 56.1 Resp. ¶ 2). The store manager described this area as "a high traffic area." (Pl. 56.1 Resp. ¶ 21; Def. 56.1 Resp. ¶ 21). Prior to her fall, Plaintiff did not observe anything on the floor, and nothing had blocked her view of the floor. (Def. 56.1 ¶¶ 4-5; Pl. 56.1 Resp. ¶¶ 4-5). She was looking forward when her right foot slipped and her left leg went back. (Pl. 56.1 Resp. ¶ 19; Def. 56.1 Resp. ¶ 19; Pl. Dep. (Docket No. 17-1) at 34:23-24). Plaintiff maintains she "slipped and fell on a puddle of liquid." (Pl. 56.1 Resp. ¶ 2). While Plaintiff was on the floor, another customer stated to Plaintiff that there was clear liquid on the floor. (Def. 56.1 ¶ 6; Pl. 56.1 Resp. ¶ 6). Plaintiff claims she saw the puddle when she got up from the floor, (Pl. 56.1 Resp. ¶ 7), but Defendants contend that the other customer pointed out the puddle to Plaintiff, (Def. 56.1 ¶ 7). Plaintiff states that after she got up she observed a large, clear puddle that "was like splatter marks of something spilled." (Def. 56.1 ¶ 8; Pl. 56.1 Resp. ¶ 8). The liquid did not contain any debris, track marks or footprints other than Plaintiff's footprint. (Def. 56.1 ¶¶ 9-11;

Pl. 56.1 Resp. ¶¶ 9-11). Plaintiff does not know how long the liquid was on the floor prior to her fall. (Def. 56.1 ¶ 13; Pl. 56.1 Resp. ¶ 13).

Plaintiff contends there were approximately 35-40 front-end team associates working in the cashier and self-checkout areas. (Pl. 56.1 Resp. ¶ 23). Defendants counter that Walmart had 35-40 front-end team associates on its payroll, but they were not all necessarily working at the time of the accident. (Def. 56.1 Resp. ¶ 23). Walmart employees who work in the self-checkout area are responsible for keeping their areas clean. (Pl. 56.1 Resp. ¶¶ 24, 27-29; Def. 56.1 Resp. ¶¶ 24, 27-29). They are supposed to clean up messes or call the maintenance team to clean up large spills. (Pl. 56.1 Resp. ¶¶ 25-26, 30-33; Def. 56.1 Resp. ¶¶ 25-26, 30-33). The Walmart manager also testified that when there is a spill in the self-checkout area, an associate would guard the spill until maintenance could come clean it up. (Pl. 56.1 Resp. ¶ 34; Def. 56.1 Resp. ¶ 34).

Walmart's surveillance video shows that the liquid on the floor was created by another customer at 12:57:26 p.m. (Def. 56.1 ¶ 15; Pl. 56.1 Resp. ¶ 15). That customer is holding an object that drips liquid on the floor. (Pl. 56.1 Resp. ¶ 44; Def. 56.1 Resp. ¶ 44). Plaintiff contends that after the liquid dripped the video shows Walmart employees and patrons avoiding the puddle. (Pl. 56.1 Resp. ¶ 46). Defendants disagree and argue that no one can be seen intentionally avoiding the liquid. (Def. 56.1 Resp. ¶ 46). At 1:03:07 p.m., the video shows Plaintiff slip and fall, only five minutes and forty-one seconds after the liquid was spilled. (Def. 56.1 ¶¶ 14, 17; Pl. 56.1 Resp. ¶¶ 14, 17; Docket No. 26-2). At 1:04 p.m., the video shows a self-

checkout employee taking paper towels from a nearby register and cleaning up the puddle. (Pl. 56.1 Resp. ¶ 54; Def. 56.1 Resp. ¶ 54; Docket No. 26-2).

Walmart's store manager Christopher Collins explained that self-checkout hosts were responsible for helping customers check out items and cleaning up messes they could see. (Docket No. 26-1 at 22:21-23:10).  He said that if they "saw a spill [they] would guard it, call maintenance, call someone, not leave it, and have somebody come there and clean it." (*Id.* at 47:6-9).

## II. LEGAL STANDARD

New York state law governs substantive slip and fall claims.[2]   However, federal law applies to procedural aspects of the claim. *Tingling v. Great Atl. & Pac. Tea Co.*, No. 02 Civ. 4196 (NRB), 2003 WL 22973452, at *2 (S.D.N.Y. Dec. 17, 2003) ("We find that the issue of what burden a movant for summary judgment bears when the ultimate burden of proof lies with the non-movant is procedural rather than substantive, under the distinction created by *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) . . . and its progeny, and accordingly is subject to federal rather than state law.") (citations omitted); *see also Hanna v. Plumer*, 380 U.S. 460, 465 (1965).  Since the moving party's burden of proof on a summary judgment motion is procedural, federal law governs. *Hughes v. United States*, No. 12 Civ. 5109 (CM), 2014 WL 929837, at *4 (S.D.N.Y. Mar. 7, 2014) (applying the federal burden of proof standard on a motion for summary judgment, explaining that "[e]ven though the substantive claims are governed under New York law, the procedural issues are determined under the federal standard").

---

[2] Because jurisdiction over this matter is based upon the parties' diversity of citizenship, and because the accident occurred in New York, the parties agree that New York law governs the substantive claims. (Docket No. 18 at 4; Docket No. 27 at 7).

The federal burden of proof on a motion for summary judgment differs from the corresponding standard under New York law in a slip-and-fall action. *See, e.g., Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 12-13 (2d Cir. 2008) (summary order). "Under New York law, '[a] defendant who moves for summary judgment in a [sl]ip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it.'" *Vasquez v. United States*, 14-CV-1510 (DF), 2016 WL 315879, at *4 (S.D.N.Y. Jan. 15, 2016) (quoting *Levine v. Amverserve Ass'n, Inc.*, 938 N.Y.S.2d 593, 593 (2d Dep't 2012)).  Conversely, under federal law, the moving party "need not make any affirmative *prima facie* showing on [a] motion for summary judgment, and may discharge its burden of proof merely 'by pointing to an absence of evidence to support an essential element of [Plaintiff's] claim.'" *Id.* at *5 (quoting *Zeak v. United States*, No. 11 Civ. 4253 (KPF), 2014 WL 5324319, at *8 (S.D.N.Y. Oct. 20, 2014)); *see also Feis v. United States*, 394 F. App'x 797, 798-99 (2d Cir. 2010) (summary order) (applying New York substantive law and federal procedural law, finding that "contrary to plaintiff's assertions, defendant was not required to affirmatively disprove each element of plaintiff's [slip-and-fall] claim.").

Under Rule 56 of the Federal Rules of Civil Procedure, the Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine dispute as to a material fact "exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "A fact is material if it might affect the

outcome of the suit under the governing law." *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009) (internal quotations and citations omitted); *see also Casalino v. N.Y. State Catholic Health Plan, Inc.*, No. 09 Civ. 2583 (LAP), 2012 WL 1079943, at *6 (S.D.N.Y. Mar. 30, 2012).

In reviewing a motion for summary judgment, the Court "must draw all reasonable inferences in favor of the nonmoving party" and "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000) (citations omitted). That said, the Court may not weigh the evidence or determine the truth of the matter, but rather conducts "the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 250. The moving party has the initial burden of showing the absence of any genuine issue of material fact. *See Celotex*, 477 U.S. at 323. Under federal law, the moving party may meet this burden by pointing to the absence of evidence to support an essential element of the nonmovant's claim. *See Tenay*, 281 F. App'x at 13; *see also Hughes*, 2014 WL 929837, at *4.

Once the moving party has met its initial burden, the burden shifts to the non-moving party to "present evidence sufficient to satisfy every element of the claim." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). "The non-moving party is required to 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial,'" *id.* (quoting *Celotex*, 477 U.S. at 324), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see Cruz v. Target Corp.*, No. 13 Civ. 4662 (NRB), 2014 WL 7177908, at *3 (S.D.N.Y. Dec. 17, 2014) ("In federal court, it is the plaintiff who, as the nonmoving party, bears the burden of showing a genuine dispute of material fact, even though a

New York state court would require the *defendant* to produce affirmative evidence on the key issue of whether the defendant had adequate notice of the spill."). In doing so, the plaintiff "may not rely on conclusory allegations or unsubstantiated speculation . . . but must support the existence of an alleged dispute with specific citation to the record materials." *Hughes*, 2014 WL 929837, at *3 (internal citations and quotations omitted); *see also* Fed. R. Civ. P. 56(c). Additionally, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. If the non-moving party fails to establish the existence of an essential element of the case on which it bears the burden of proof at trial, summary judgment must be granted. *See Celotex*, 477 U.S. at 322-23.

In the Southern District of New York, the party moving for summary judgment must submit a short and concise statement of material facts it contends are undisputed, supported by evidence that would be admissible at trial. Local Civ. R. 56.1. The party opposing summary judgment must specifically controvert the moving party's statement of material facts, or the moving party's facts will be deemed admitted for purposes of the motion. Local Civ. R. 56.1(c); *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible."). However, "uncontested fact[s] cannot be deemed true simply by virtue of their assertion in a Local Rule 56.1 statement;" the Court is free to disregard the assertion in the absence of citations or "where the cited materials do not support the factual assertions in the [s]tatements." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (*abrogated in part on other grounds*, *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009)). Furthermore, the Court is "not required to consider what the parties fail to point out." *Monahan*

*v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (internal citations and quotations omitted).

### III. DISCUSSION

Defendants argue that Plaintiff failed to present any evidence that (1) the liquid on the floor was created by them; (2) they had actual notice of the liquid; or (3) they had constructive notice of the liquid. (Docket No. 18). Plaintiff contends in opposition that genuine issues of material fact exist as to whether Defendants had constructive notice. (Docket No. 27).

"Under New York law, to establish a prima facie case of negligence, a plaintiff has the burden to demonstrate '(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" *Moy v. Target Corp.*, 629 F. Supp. 3d 205, 209 (S.D.N.Y. 2022) (citation omitted). Here, Defendants do not dispute that they had a duty to their customers to keep their stores reasonably clear of any defective or dangerous condition. (*See generally* Docket No 18). However, Defendants maintain that Plaintiff failed to demonstrate a breach of that duty. (Docket No. 18 at 4-9).

To make out a breach of duty in a premises liability case, a plaintiff must first show "the existence of a dangerous or defective condition." *Vasquez,* 2016 WL 315879, at *4 (internal quotations omitted) (citing *Winder v. Exec. Cleaning Servs., LLC*, 936 N.Y.S.2d 687, 687 (2d Dep't 2012)). Next, "a plaintiff must 'come forth with evidence that the defendant had either created the allegedly dangerous condition or that it had actual or constructive notice of it.'" *Tingling*, 2003 WL 22973452, at *2 (citation omitted). "In the absence of such evidence, a court

'must' dismiss the action." *Id.* (citation omitted). Under New York law, Plaintiff bears the burden of proof on the elements of her premises liability claim. *Tenay*, 281 F. App'x at 13.

### A. Existence of a Dangerous Condition

It is undisputed that a dangerous condition existed prior to Plaintiff's fall. (*See generally* Docket Nos. 18, 29; *see also* Docket No. 27 at 10). Plaintiff claims that a slippery condition at the Walmart store caused her to slip and injure herself. (Docket No. 27 at 1). In fact, Defendants admit that another customer spilled the clear liquid on the floor prior to Plaintiff's fall. (Docket No. 18 at 1; Def. 56.1 ¶ 15). The video evidence submitted further supports this, (*see* Docket Nos. 26-2; 26-3), and Plaintiff testified that she saw the puddle when she stood up after her fall, (Docket No. 17-1 at 36:7-10). "This constitutes sufficient evidence at the summary judgment stage to establish that a wet substance was on the floor and, thus, a dangerous condition existed." *Lyman v. PetSmart, Inc.*, 16 Civ. 04627 (JCM), 2018 WL 4538908, at *5 (S.D.N.Y. Sept. 21, 2008) (citing *Cousin v. White Castle Sys., Inc.*, No. 06-CV-6335 (JMA), 2009 WL 1955555, at *6 (E.D.N.Y. July 6, 2009)); *see also Lotz v. Aramark Servs., Inc.*, 949 N.Y.S.2d 739, 741 (2d Dep't 2012) (considering a wet floor to be a dangerous condition).

### B. Creation of a Dangerous Condition

It is also undisputed that Defendants did not create the dangerous condition. "The mere existence of a dangerous condition does not establish a breach of the duty of care." *Lyman*, 2018 WL 4538908, at *5 (citation omitted). In order to establish that Defendants created the dangerous condition, "[P]laintiff must point to 'some affirmative act'" by Defendants. *Vasquez*, 2016 WL 315879, at *7. Defendants assert that the surveillance video confirms that a Walmart employee did not cause the spill, but rather a customer created it. (Docket No. 18 at 4). Plaintiff also "concedes that the surveillance video shows that Walmart did not create the puddle – one of

its patrons made it while standing in line in the self-checkout area with liquid dripping from her right hand." (Docket No. 27 at 10). The Court reviewed the surveillance video, and it is clear that a customer created the spill. (*See* Docket Nos. 26-2, 26-3). Thus, Plaintiff cannot establish that Walmart created the condition that caused the accident. *See Demelio v. Wal-Mart Stores E., LP*, 21-cv-1900 (AEK), 2023 WL 2480192, at *4 (S.D.N.Y. Mar. 13, 2023) (finding that because plaintiff conceded there was no evidence defendant created the condition, that fact was not in dispute); *see also Cooper v. Pathmark Stores, Inc.*, 998 F. Supp. 218, 220 (E.D.N.Y. 1998) (finding the evidence did not support an inference that defendant created the puddle). Accordingly, Plaintiff has not established a genuine issue of material fact that Defendants created the dangerous condition.

## C. Actual Notice of a Dangerous Condition

Since it is clear that Defendants did not create the dangerous condition, Plaintiff must demonstrate either actual or constructive notice to establish her claim. *See Quarles v. Columbia Sussex Corp.*, 997 F. Supp. 327, 332 (E.D.N.Y. 1998). "A defendant has actual notice if it either created the condition or received reports of it such that it is actually aware of the existence of the particular condition that caused the fall." *Decker v. Middletown Walmart Supercenter Store*, 15 Civ. 2886 (JCM), 2017 WL 568761, at *6 (S.D.N.Y. Feb. 10, 2017) (citation omitted). Here, Defendants maintain that there is no triable issue of fact regarding whether Walmart had actual knowledge of the liquid on the floor, as Plaintiff has not suggested that an employee observed the liquid on the floor or that anyone reported the condition to Walmart. (Docket No. 18 at 5). Plaintiff concedes this fact. (Docket No. 27 at 10-11). Thus, it is undisputed that Defendants did not have actual notice. *See Demelio*, 2023 WL 2480192, at *4 (finding that because plaintiff conceded there was no evidence that defendant had actual notice of the condition, actual notice

was not in dispute); *see also McIntyre v. Bradford White Corp.*, 201 N.Y.S.3d 728, 731 (3d Dep't 2023) (plaintiff conceded defendants lacked actual notice); *see also Hamilton v. Rite Aid Pharmacies, Inc.*, 650 N.Y.S.2d 887, 889 (3d Dep't 1996) (finding "[n]othing in the record indicat[ing] that defendant's employees had actual notice of water on the floor"). Accordingly, Plaintiff has not raised a genuine issue of material fact regarding whether Defendants had actual notice of the dangerous condition.

### D. Constructive Notice of a Dangerous Condition

Since Plaintiff has not established that Defendants either created or had actual notice of the dangerous condition, the only remaining issue is whether Defendants had constructive notice of the condition. "To constitute constructive notice, a defect must be both (1) 'visible and apparent,' and (2) 'it must exist for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it.'" *Moy*, 629 F. Supp. 3d at 210 (quoting *Tenay*, 281 F. App'x at 13). Defendants assert that Plaintiff cannot demonstrate constructive notice because (1) Plaintiff has not provided evidence that the liquid was visible and apparent, and (2) the liquid was not on the floor long enough for Defendants to have discovered and remedied it. (Docket No. 18 at 7-9). Plaintiff argues that (1) she is not required to prove notice because Walmart had a policy to regularly inspect and clean the self-checkout area, and (2) material issues of fact exist regarding constructive notice. (Docket No. 27 at 11). In reply, Defendants argue there is no statutory duty to conduct reasonable inspections, and the failure to inspect claim is meritless. (Docket No. 29 at 4-6).

#### 1. Visible and Apparent

Plaintiff must present evidence that a condition was visible and apparent to establish constructive notice. *See Castellanos v. Target Dep't Stores, Inc.*, No. 12 Civ. 2775 (GWG), 2013

WL 4017166, at *6 (S.D.N.Y. Aug. 7, 2013).  Defendants argue that Plaintiff has failed to identify any evidence that the clear liquid on the floor was visible and apparent, especially when Plaintiff did not observe it herself.[3] (Docket No. 18 at 7).  The Court agrees.  First, the fact that Plaintiff did not see the spill prior to her fall undermines her claim that the spill was visible and apparent.  "Courts in this Circuit have routinely granted summary judgment in similar slip and fall claims on the ground that the defect was not visible and apparent when a plaintiff did not see it prior to the fall." *Reyna v. Target Corp.*, No. 20 Civ. 1233 (NSR), 2024 WL 1443258, at *4 (S.D.N.Y. Apr. 3, 2024) (collecting cases).  In addition, "[o]bservations after an accident occurs are not evidence that a condition was visible and apparent prior to the accident." *Salazar v. Wal-Mart Stores E., LP*, 7:22-CV-6991 (VR), 2024 WL 1995240, at *4 (S.D.N.Y. May 6, 2024) (citation omitted) (collecting cases) (granting summary judgment where defendant Walmart showed the absence of evidence that the water was visible and apparent before plaintiff's fall).  The "legally meaningful time to notice a defective condition is *before* an accident, not after." *Ortiz v. Wal-Mart Stores E., LP*, No. 17 Civ. 945 (NSR), 2019 WL 1171566, at *4 (S.D.N.Y. Mar. 13, 2019) (citation omitted).  Here, Plaintiff admits she did not see the puddle prior to her fall but claims that another patron saw the puddle. (Docket No. 27 at 1; Docket No. 17-1 at 30:16-19).  While Plaintiff testified this other patron pointed the puddle out to her after she fell, (Docket No. 17-1 at 35:16-22), this does not establish that the patron, or anyone else, had seen

---

[3] Plaintiff cites *Urrutia v. Target Corp.* 681 F. App'x 102, 104 (2d Cir. 2017) (summary order), to support her claim that the puddle was visible and apparent because patrons and employees appeared to avoid the puddle and because Plaintiff could see the puddle after her fall. (Docket No. 27 at 14).  However, *Urrutia* is inapposite because in that case, the plaintiff observed the clear liquid 45 minutes before she slipped and fell in it. *Id.* at 103.  In the instant case, it is undisputed Plaintiff did not see the liquid at any time before her fall.

the puddle prior to Plaintiff's fall.  Thus, Plaintiff has not shown that the liquid was visible and apparent to anyone prior to her fall.

In addition, the video surveillance itself does not support Plaintiff's assertion that the liquid was visible and apparent.  Plaintiff argues the video clearly shows "a puddle of clear liquid that is shining against the light." (Docket No. 27 at 14).  The Court reviewed the video and can see a glistening mark on the floor, which appears to be the spill. (*See* Docket Nos. 26-2; 26-3).  However, it is clear from the video that the overhead light is reflecting on the water, but it does not establish that the spill was visible and apparent to customers in the area.  In fact, Plaintiff slipped right next to the shiny spot on the video, which looks perfectly clear on the video. (*See* Docket No. 26-2 at 1:03:07).  Additionally, Plaintiff has not set forth any evidence about the size of the spill, or how big and wet it was, and it is not possible from the video to ascertain that.  "Therefore, even if one of Defendant[s]' employees . . . walk[ed] by the [area] moments before the fall, because there is no evidence that the water was visible and apparent, the Court cannot infer that Defendant[s] had constructive notice of the dangerous condition." *Dranoff v. Sam's East, Inc.*, 16-CV-6482 (CS), 2017 WL 1437207, at *6 (S.D.N.Y. Apr. 20, 2017) (collecting cases).  In addition, the water was clear and did not contain any debris, track marks, or any footprints other than the plaintiff's footprint. (Def. 56.1 ¶¶ 9-11; Pl. 56.1 Resp. ¶¶ 9-11).  Furthermore, Plaintiff did not observe anything on the floor before her fall. (Def. 56.1 ¶ 4; Pl. 56.1 Resp. ¶ 4).

Plaintiff's claim that the video shows that customers and employees specifically avoided the puddle is inaccurate.  The video does not show customers and employees specifically avoiding the spill, but rather they were walking normally through the area without seeming to notice the clear liquid. (*See* Docket No. 26-2).  In fact, immediately before Plaintiff fell, a

customer walked directly through the area of the spill with his cart without incident. (*See id.*). "Plaintiff's claim of constructive notice based on the video is undermined by the fact that people walked in the [area], and in the spot where Plaintiff fell" multiple times. *Paredes v. Target Corp.*, 16-CV-5603 (PKC)(RER), 2019 WL 955073, at *4 (E.D.N.Y. Feb. 27, 2019) (collecting cases). There is insufficient evidence to raise a triable issue of fact regarding whether the liquid was visible and apparent. *See Decker,* 2017 WL 568761, at *7 (granting defendant's motion for summary judgment where plaintiff did not see the condition prior to the fall and where several others walked through the same area without seeming to notice the condition); *see also Castellanos,* 2013 WL 4017166, at *6 (finding plaintiff presented no evidence that the dangerous condition was visible and apparent where plaintiff and her fiancé did not see the condition until after plaintiff's fall and where no other witness saw the condition).

Accordingly, Plaintiff has not raised a triable issue of fact as to whether the clear liquid on the floor was visible and apparent.

## 2. Length of Time

Defendants further argue that the time the liquid was on the floor prior to Plaintiff's fall was insufficient for Walmart to have discovered and remedied the spill. (Docket No. 18 at 8). Plaintiff claims that the "question of whether a dangerous condition existed for a sufficient amount of time – to impose liability for failing to discover and remedy it – is one of fact to be determined by a jury." (Docket No. 27 at 1).

"Constructive notice requires a showing of a hazardous condition that was not only visible and apparent before the accident, but also in existence a sufficient length of time to allow the defendant to observe and remove it." *Ortiz*, 2019 WL 1171566, at *6 (quoting *Grier v. R.H. Macy & Co., Inc.*, 173 A.D.2d 238, 238 (1st Dep't 1991)). Here, it is undisputed that the liquid

was on the floor for five minutes and forty-one seconds before Plaintiff slipped and fell in it. (Def. 56.1 ¶¶ 14-17; Pl. 56.1 Resp. ¶¶ 14-17).  On the facts set forth herein, a "five-minute interval . . . is insufficient, as a matter of law, to establish constructive notice to the defendant of the condition and an opportunity to remedy it." *Espinal v. New York City Hous. Auth.*, 626 N.Y.S.2d 790, 791-92 (1st Dep't 1995) (citation omitted).  "New York courts have consistently held comparable, if not greater, periods of time are insufficient to charge a defendant with constructive notice because it would not provide a defendant with sufficient time to remedy the condition." *Baker v. Wal-Mart Stores E., L.P.*, 21 Civ. 10629 (JCM), 2023 WL 4898882, at *7 (S.D.N.Y. Aug. 1, 2023), *appeal dismissed* (Aug. 26, 2024) (collecting cases) (three minutes and thirty-three seconds before plaintiff's fall is insufficient to establish constructive notice); *see also Aguilera v. BJ's Wholesale Club, Inc.*, 210 A.D.3d 572, 573 (1st Dep't 2022) (finding as little as four and no more than thirty minutes to be insufficient to charge defendant with constructive notice); *Yates v. Costco Wholesale Corp.*, 19-cv-4023 (ENV)(RLM), 2021 WL 9409159, at *8 (E.D.N.Y. June 30, 2021) (finding the eleven minutes between the inspection and the incident to be "as a matter of law, insufficient to have permitted [Defendant's] employees to remedy the defect"); *Mateo v. Franklin Plaza Apartments, Inc.*, 198 N.Y.S.3d 343, 345 (1st Dep't 2023) (finding five to fifteen minutes to be an insufficient amount of time); *Lyman*, 2018 WL 4538908, at *8 (holding that twenty-five to thirty minutes was insufficient to establish constructive notice); *Ortiz*, 2019 WL 1171566, at *6 ("[C]ourts have held that ten minutes is not sufficient time for a defendant to identify and remedy a spill.") (citation omitted).

Moreover, the fact that the surveillance video reveals the exact length of time the liquid was on the floor is not dispositive of constructive notice.[4]  In *Perry v. Cumberland Farms, Inc.*,

---

[4] Plaintiff's reliance on *Thaqi v. Wal-Mart Stores E., LP*, No. 09-CV-755 (JMA), 2014 WL 1330925 (E.D.N.Y. Mar. 31, 2014), is misplaced.  In *Thaqi*, two Walmart employees were told about the liquid spill shortly before plaintiff's

the Third Department held that even though the video showed the dangerous condition was present for twenty-eight minutes, that alone did not establish constructive notice. *See* 891 N.Y.S.2d 498, 500-01 (3d Dep't 2009).  In *Perry,* the defendant had established that the plaintiff had not seen the debris prior to the fall, that there had been no report of the condition, and that the defendant's employee had not seen the debris when she checked the lot roughly thirty minutes prior to the fall. *See id.* at 500.  Similarly, in *Gallagher v. Target Corp.*, the district court found that, as demonstrated by the surveillance video, "no reasonable jury could conclude that the twelve minutes the spilled Gatorade was in existence prior to [plaintiff's] fall was a sufficient period of time for Target employees to both discover the hazard and remedy it," and thus plaintiff had not demonstrated constructive notice. *Gallagher*, 1:19-CV-38 (JLS)(MJR), 2020 WL 4741096, at *4 (W.D.N.Y. July 9, 2020), *report and recommendation adopted*, 2020 WL 4739615 (W.D.N.Y. Aug. 14, 2020); *see also Lopez v. Target Corp.*, Case No. 21-CV-6491-FPG, 2023 WL 6927198, at *4 (W.D.N.Y. Oct. 19, 2023) (finding the nine minutes and fifty-three seconds on the surveillance video to be insufficient for defendant to discover and remedy the spill).  Thus, the fact that the surveillance video shows the liquid was on the floor for five minutes and forty-one seconds prior to the fall does not in itself establish constructive notice.

Accordingly, Plaintiff has not raised a triable issue of fact as to whether the liquid was on the floor for a sufficient length of time to establish constructive notice.

### 3. Failure to Inspect

Plaintiff argues that Walmart breached its duty to conduct reasonable inspections, rendering the issue of actual or constructive notice irrelevant. (Docket No. 27 at 11).  Defendants

---

accident, Walmart's failure to preserve video evidence led to an adverse inference, and another employee had seen a child throw a cup but failed to inspect. *Id*. at *1-6.  There is no similar evidence here.  In fact, there is no evidence Walmart employees were aware of the spill, and the video of the incident is available and clear.  Thus, *Thaqi* is distinguishable.

contend there is no duty to inspect, and that Plaintiff has not provided evidence that a reasonable inspection would have revealed the puddle. (Docket No. 29 at 4-5).

"Courts differ on whether a failure to inspect is a means for establishing constructive notice or a separate obligation that displaces the need for notice when imposing premises liability." *Wilson v. Wal-Mart Stores E., LP*, 16 Civ. 8637 (JCM), 2018 WL 4473342, at *8 (S.D.N.Y. Sept. 18, 2018) (quoting *Bogery v. United States*, 17-CV-6996 (VEC), 2018 WL 4265901, at *7 (S.D.N.Y. Sept. 6, 2018)). "Either way, however, the failure must be grounded in some duty to inspect the premises." *Bogery*, 2018 WL 4265901, at *7. In addition, to succeed, Plaintiff must "come forward with evidence showing that a reasonable inspection would have revealed the condition." *Wilson*, 2018 WL 4473342, at *8 (citing *Bogery*, 2018 WL 4265901, at *8).

The Court finds that Plaintiff has not sufficiently established a failure to inspect theory. First, Plaintiff has not provided evidence that there was a policy or rule that required inspections to be done at specific intervals. Plaintiff cites Walmart's job descriptions for front-end employees, which includes the duty to keep their area clean, in support of its inspection theory. (Docket No. 27 at 12). While Plaintiff questioned Walmart's store manager about the cleaning responsibilities of Walmart checkout hosts, (Docket No. 26-1 at 23:7-32:6), the policies or procedures relating to spills, (*id.* at 47:2-16), and formal policies regarding inspections, (*id.* at 47:17-25), the manager said there was no formal policy and that all teams have a responsibility to keep an eye out for any hazardous conditions, (*id.* at 47:22-48:5). Importantly, the manager stated there was no time interval in which Walmart employees must inspect an area. (*Id.* at 48:6-12). Although Plaintiff claims she has "ample evidence" of Walmart's duty to conduct reasonable inspections, Plaintiff's citation to the job description for employees and the

manager's testimony do not establish such a policy. (Docket No. 27 at 12). Moreover, the manager denied the existence of such a policy. (Docket No. 26-1 at 47:22-48:12). Plaintiff cites *Torres v. United States*, No. 09 Civ. 5092 (RLE), 2010 WL 5422547, at *3 (S.D.N.Y. Dec. 23, 2010), in support of her failure to inspect theory. (Docket No. 27 at 11, 13). However, in *Torres*, there was evidence that defendant had not conducted its required scheduled inspections. *Torres*, 2010 WL 5422547, at *2. Here, there was no requirement that inspections had to be done at specific intervals, nor has Plaintiff provided evidence that Defendants failed to conduct any required inspections.

Second, Plaintiff has not shown that "the alleged defect existed for a sufficient period of time that a reasonable inspection could have revealed the defect to the property owner." *Boccio v. Costco Wholesale Corp.*, 18-cv-4317 (ST), 2023 WL 2477683, at *5 (E.D.N.Y. Mar. 13, 2023) (citation omitted); *see also Wilson*, 2018 WL 4473342, at *8. Plaintiff has not established that the time the liquid was on the ground was a sufficient amount of time for Defendants to have noticed and remedied the spill. *See* Section III.D.2. Even if Plaintiff had established that the accident happened at Walmart's "center of activity," Plaintiff must provide "additional facts supporting constructive notice . . . akin to muddied shopping cart tracks or footprints in the water that would support an inference that it should not have taken long for Wal-Mart employees to discover the water and clean it up." *Salazar,* 2024 WL 1995240, at *5. While Plaintiff argues that the surveillance video shows Walmart's employees "categorically failed in their duty to look for messes and keep the self-checkout area clean," (Docket No. 27 at 12), the video shows the employees did not seem to be aware of the spill, and were assisting other customers or restocking items, (*see* Docket No. 26-2). Furthermore, "[t]o prevail on a failure to inspect theory, a plaintiff must still demonstrate not only that the defendant breached its duty to inspect, but that a

reasonable inspection would have prevented the injury." *Taylor v. Manheim Mktg. Inc.*, 15-CV-01950 (PKC)(RER), 2018 WL 611628, at *2 (E.D.N.Y. Jan. 29, 2018) (citation omitted) (finding summary judgment appropriate because plaintiff could not show defendant had not reasonably inspected his property and because even if he had, the condition did not exist long enough for defendant to remedy it); *see also Boccio*, 2023 WL 2477683, at *5; *Bogery*, 2018 WL 4265901, at *8. Plaintiff has failed to do that here. Thus, Plaintiff has not established constructive notice through a failure to inspect theory.

Defendants also maintain that even though employees were near the spill before Plaintiff fell, this does not establish constructive notice. (Docket No. 18 at 7; Docket No. 29 at 6). Proximity, alone, is insufficient to establish constructive notice. *See Ortiz*, 2019 WL 1171566, at *7 ("While Plaintiff is correct that there is evidence that there were three of Defendant's employees in the area of the dangerous condition prior to the accident . . . this alone is not enough to show that Defendant had constructive notice."); *Coulter v. Barbeque Integrated, Inc.*, 5:20-CV-0533 (GTS/ATB), 2022 WL 3444953, at *7 (N.D.N.Y. Aug. 17, 2022) (rejecting argument that defendant had constructive notice where the employee was ten feet away, and holding that mere proximity does not establish constructive notice); *Gonzalez v. Kmart, Inc.*, 13-CV-5910 (PKC)(VMS), 2016 WL 3198275, at *5 (E.D.N.Y. June 8, 2016) (the mere fact that an employee was close to the spill at the time plaintiff fell is insufficient to create an inference that the employee saw the spill before the accident); *see also Demelio*, 2023 WL 2480192, at *5 (finding that "the fact that Wal-Mart employees were in the vicinity and did not react to the spill — as they are trained to do — counsels against finding the condition was visible and apparent") (citation omitted). Rather, the fact that other customers or employees walked through the area prior to the accident, were not impeded by the dangerous condition, did not appear to look down

at it, or try to walk around it supports the view that Plaintiff has not established constructive notice. *See Castellanos*, 2013 WL 4017166, at *6 (finding the video did not suggest that the "dozens of customers or employees that walked through the area in the 25 minutes prior to the accident" were impeded by the condition); *see also Decker*, 2017 WL 568761, at *7 (finding the fact that the video did not show any substance on the ground, that plaintiff did not see the substance prior to her fall, and that the video showed four individuals walking through the area without appearing to notice the substance showed there was no genuine issue of material fact as to whether the substance was visible or apparent); *see also Watts v. Wal-Mart Stores E., LP*, No. 16-CV-4411 (KMK), 2018 WL 1626169, at *6 (S.D.N.Y. Mar. 29, 2018) (finding the fact that Walmart's employees walked down the aisle of the accident at least fifteen times prior to plaintiff's fall did not support plaintiff's view of constructive notice but rather raised the question whether the substance was visible and apparent).

Accordingly, Plaintiff has failed to establish that Defendant breached a duty to inspect.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted.  The Clerk of Court is respectfully requested to terminate the pending motion (Docket No. 16), enter judgment for Defendants, and close the case.

Dated:   June 6, 2025
         White Plains, New York

                                          SO ORDERED:

                                          _____
                                          JUDITH C. McCARTHY
                                          United States Magistrate Judge